IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JOSE A. AMADOR,**

Plaintiff,

v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

Defendant.

6:11-cv-00551 RE

**OPINION AND ORDER**

**REDDEN, Judge:**

Plaintiff Jose Amador brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") and supplemental security income ("SSI"). For the reasons set forth below, the decision of the Commissioner is affirmed and this matter is dismissed.

///

1 - OPINION AND ORDER

## BACKGROUND

Born in 1976, Amador completed the eighth grade and has worked as a materials handler, delivery driver, janitor, and fork lift driver. Tr. 64, 44-45, 147. In April 2006, Amador filed an application for disability insurance benefits and SSI disability benefits, alleging disability since January 27, 2006, due to chronic headaches and mood/affective disorder. His application was denied initially and upon reconsideration. In September 2009, a hearing was held before an Administrative Law Judge ("ALJ"). In a decision dated September 28, 2009, the ALJ found Amador not disabled. Amador's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Amador had medically determinable severe impairments of headaches, eye pain, pseudoseizures, and sensory neuropathy on the right side of the scalp. Tr. 58. The ALJ found that these impairments did not meet or medically equal a listed impairment. Tr. 59.

The ALJ determined that Amador retained the residual functional capacity to perform a limited range of light work, with no climbing ladders, ropes, or scaffolds. Tr. 61. The ALJ found that Amador cannot work with dangerous unprotected machinery or at unprotected heights or with vibrating tools, he reads at the sixth grade level, and needs work with a maximum Specific Vocation Preparation ("SVP") of three. He should have minimal interaction with co-workers and brief and superficial contact with the general public. *Id.*

The ALJ determined that Amador was unable to perform his past relevant work. At step five, considering Amador's age, education, work experience, and residual functional capacity, the

ALJ found that he can perform other jobs, including electronics assembler, production assembler, escort vehicle driver, and outside deliverer. Tr. 28.

The medical records in this case accurately set out Amador's medical history as it relates to his claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Amador contends that the ALJ erred by: (1) finding that his psychological impairments did not meet or equal a Listing;

## I. The Listings

The ALJ must determine whether a claimant's impairment meets or equals an impairment listed in "The Listing of Impairments" ("The Listings"). *See* 20 C.F.R. Part 404, Subpt. P, App. 1. The Listings describe specific impairments of each of the major body systems "which are considered severe enough to prevent a person from doing any gainful activity." *See* 20 C.F.R. §§ 404.1525(a), 416.925(a). Most of these impairments are "permanent or expected to result in death." *Id.* "For all others, the evidence must show that the impairment has lasted or is expected to last for a continuous period of at least 12 months." *Id.* If a claimant's impairment meets or equals a listed impairment, he or she will be found disabled at step three without further inquiry.

The Listings describe the "symptoms, signs, and laboratory findings" that make up the characteristics of each listed impairment. *See* 20 C.F.R. §§ 404.1525(c), 416.925(c). To meet a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim. *See* 20 C.F.R. §§ 404.1525, 416.925. To equal a listed

3 - OPINION AND ORDER

impairment, a claimant must establish symptoms, signs, and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment "most like" the claimant's impairment. *See* 20 C.F.R. §§ 404.1525(a), 416.926(a).

Plaintiff argues that the ALJ erred by failing to find that his depression meets or equals the requirements of Listing12.02 for Organic Mental Disorder.

> 12.02 Organic Mental Disorders: Psychological or behavioral abnormalities associated with a dysfunction of the brain. History and physical examination or laboratory tests demonstrate the presence of a specific organic factor judged to be etiologically related to the abnormal mental state and loss of previously acquired functional abilities. The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
> A. Demonstration of a loss of specific cognitive abilities or affective changes and the medically documented persistence of at least one of the following:
> 1. Disorientation to time and place; or
> 2. Memory impairment, either short-term (inability to learn new information), intermediate, or long-term (inability to remember information that was known sometime in the past); or
> 3. Perceptual or thinking disturbances (e.g., hallucinations, delusions); or
> 4. Change in personality; or
> 5. Disturbance in mood; or
> 6. Emotional lability (e.g., explosive temper outbursts, sudden crying, etc.) and impairment in impulse control; or
> 7. Loss of measured intellectual ability of at least 15 I.Q. points from premorbid levels or overall impairment index clearly within the severely impaired range on neuropsychological testing, e.g., the Luria-Nebraska, Halstead-Reitan, etc.;
> AND
> B. Resulting in at least two of the following:
> 1. Marked restriction of activities of daily living; or
> 2. Marked difficulties in maintaining social functioning; or
> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
> 4. Repeated episodes of decompensation, each of extended duration. 20 C.F.R. Pt. 404, Subpt. P.,

App. 1 § 12.02.

In July 2009 Dr. Davarajan checked boxes on a form prepared by counsel indicating that Amador had the medically documented persistence of a disturbance in mood, resulting in marked

4 - OPINION AND ORDER

difficulties in maintaining social functioning and marked difficulties in maintaining concentration, persistence and pace. Tr. 1356.

Amador argues that the ALJ "completely ignored" Dr. Devarajan's opinion. Plaintiff's Opening Brief, p. 23. This is incorrect. The ALJ wrote:

> The claimant was treated [by] Sumathi Devarajan M.D. who wrote in a letter dated February 17, 2006, that the claimant's headache was related to a work accident [citation omitted]. On July 13, 2009, Dr. Devarajan wrote that the claimant's impairment met the criteria of listing 12.02 [citation omitted]. Dr. Devarajan based this opinion on the claimant's alleged sensory neuropathy of the right parietal scalp which caused photophobia causing pain with noise and light touch. He wrote that the claimant was unable to function. He also wrote that the claimant had marked limitations in the areas of social functioning and concentration, persistence, and pace. Dr. Devarajan wrote on August 31, 2009, that the claimant had a medical diagnosis that impaired him fro work [citation omitted]. The undersigned has assigned limited weight to the opinion of Dr. Devarajan because of his specialty in family medicine and geriatric medicine and because his opinion is not consistent with the medical evidence of record. The undersigned takes exception to the [sic] Dr. Devarajan's opinion that the claimant meets the criteria for listing 12.02 and that he has a medical diagnosis which impairs him from work because it is not supported by the medical evidence of record or by any of the neurologists who examined the claimant. In fact, neurologist Gerald Reimer took exception to Dr. Devarajan's initial diagnosis in a letter dated July 10, 2006 [citation omitted]. Dr. Reimer wrote that the diagnoses of right parietal area neuropathic pain and pain and right parietal region were unfamiliar to him with respect to head pain. Stating that neuropathic pain usually refers to some form of painful neuropathic process, which is usually related to a disease process or can be ideopathic. Dr. Reimer concluded with the statement that the subjective symptomatology described is just that and does not represent a diagnosis.

Tr. 62.

The ALJ noted Dr. Reimer's opinion that Amador's neurological assessment was normal, and that he had no work restrictions. Tr. 63. The ALJ cited Dr Reimer's opinion that any work

5 - OPINION AND ORDER

restrictions prescribed by the treating physician were "strictly based on the claimant's subjective symptomology." *Id.*

When, as here, a treating doctor's opinion is contradicted by another doctor's opinion, the ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Here, the ALJ noted Dr. Reimer's specialty of neurology and Dr. Devarajan's specialty of family and geriatric medicine. Tr. 62. The opinions of specialists are generally entitled to greater weight about medical issues related to his or her field of specialty. 20 C.F.R. §§ 404.1527(d)(5), 416.927(d). The ALJ properly found that Dr. Devarajan's conclusions were not supported by the medical evidence of record. Tr. 62. Dr. Devarajan's own treatment record reflects treatment for depressive disorder, but do not record marked psychological symptoms or reflect restrictions arising from depression that affect his ability to perform basic work functions.

Dr. Devarajan did refer plaintiff to counseling with Jeremy Stevenson for pain management and depression. Mr. Stevenson's treatment notes indicate mostly mild symptoms, including fatigue and difficulty sleeping, improved mood and interpersonal relations due to increased physical health and improved sleep quality, tearfulness and guilt, and improved mood with a somewhat flat affect. Tr. 1180, 1184, 1193, 1198, 1205.

The ALJ cited the opinion of reviewing psychologist Peter Bray, Ph.D., who noted that the claimant cares for his disabled wife and five children. Tr. 63. The ALJ cited the opinion of reviewing physician Martin Kehrli, M.D., who pointed to evidence that Amador gardens, cooks, works on his car, shops for household repair items, and drives. The ALJ cited the report from claimant's wife, who said that the claimant spent the day "playing in the garden or cooking, going to

Dr. appt." The ALJ also noted her reports that the claimant worked on his car, could repair things and paints. Tr. 63-64, 154.

The ALJ provided specific and legitimate reasons supported by substantial evidence for rejecting Dr. Devarajan's opinion.

## CONCLUSION

For these reasons, the ALJ's decision that Amador is not disabled is based on correct legal standards and supported by substantial evidence. The decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated this ___ day of June, 2012.

JAMES A. REDDEN
United States District Judge